I am Saul Huerta on behalf of Mr. Grajeda-Ramirez. Based on the Pimentel-Flores decision, this case has basically been whittled down to just one issue, and that is a question of statutory construction of the Colorado statute. Basically, whether or not the definition of the Colorado statute for vehicular assault has as an element the use of physical force against the person of another, and a second one whether or not the statute also requires a mens rea for purposes of the term proximate cause, as in proximately causing injury, which is within both subsections of the vehicular assault statute. Going first to the use of physical force against the person of another, the Colorado statute doesn't require that a person to be convicted of this offense use force in any way, shape, or form against another person. It uses a term that's normally used in civil law for negligence cases, proximate cause, to say what is required. That is, the actions of a person have to be the proximate cause of the injury. It is result oriented. It doesn't really matter what his or her act is so long as it is the proximate cause of someone else being injured. Well, the statute, there are two parts to the statute. I want to make sure. One is essentially a strict liability aspect. There's another one that provides for recklessness, and that's what the, isn't that what the sheet showed that it was for the reckless aspect? That's correct, Your Honor. I guess the term proximate cause is within both subsections. So the reckless part has to do with reckless driving. Right. That is, the driving has to be shown to be reckless, but it doesn't require that the driving in any way, shape, or form physically, you know, that there be an intent or anything of the sort where the person would have to hit somebody to be found guilty of the offense. And that was the Ohio v. Jones case that I showed to the court where a defendant fleeing from law enforcement takes a turn very hard, I guess, and an officer that's pursuing tries to take the same turn and doesn't make it. Well, the defendant was obviously the proximate cause of that officer's injuries, but for him fleeing from law enforcement, that officer would not have been hurt. However, he never used force against the person of another in his fleeing from that law, but at least did not use force against that officer in causing the injury. And that is within both sections of the statute. So it really doesn't matter. I pointed out that there was a bit of a mix-up because the district liability subsection, which the court referred to, and in fact, it appears to have been the reckless one, which is the one referred to in the pre-sentence report and also in the conviction document that was submitted at the trial for this case. Can I ask you a question? The excerpt of the judgment of conviction that was before the statute, doesn't that appear, do you concede that as an official record or a document? Yes. Okay. And if you read that language, reckless, how can you fit that into the statute without, and get out from under the sentence? Well, what the statute requires is that the person's driving had been reckless. Yeah. And that's what he got charged with and that's what he was convicted of. Right. But it doesn't require that he used force against anyone. How can you? It just requires that he be the proxy. The Hickler assault, that's an invasion of a person or property of another, right? That's what assault is? Well, the title of Hickler assault, but the element doesn't require that you use any force against any person. It just happens to be that the title they give it would tend to infer that somewhere in the statute you would find something as force against someone. And the F is felony and five means the grade of felony. I'm sorry. And the, in the extract F means felony. Right. It is a five means a degree. Yes. And that's more severe than a fourth degree. And under the statute, the only fifth degree felony is the vehicular assault, isn't it? Well, that is the conviction. That is what he was convicted of. Okay. But you're, you're saying that no person had to actually have been injured by this? No. That is exactly what the statute requires. It requires that someone be injured. Right. The guideline requires that you attempt to injure someone or use physical force against someone. So you think that if, so that's why I'm getting a little confused here. It's hard to envision somebody getting hit with an automobile and there not being physical force involved. Okay. Would you agree? I would agree with that. Okay. So what you're saying is that he, the government has to be able to show that he intended his vehicle to hit the person who got hit. That's right. He, what, what the court, excuse me, what the government would have to show is that the statute in question requires as an element that the person use physical force against the person. This statute doesn't do that. Reckless is the willful and wanton driving. His driving is the reckless part. Which resulted in? Which is the proximate cause of the injury. Okay. So somebody was hit by his car because he was driving it recklessly. Well, Your Honor, if you read the pre-sentence report, and I guess that's why you don't get into the facts, apparently he was running away from a group of people who were trying to get him. He was hiding in a, he was hiding with his brother in a parking, I guess, just a driveway when they showed up and they took off, you know, when this mob showed up, they had an earlier altercation, they were followed. And so he tries to take off on them. Just from reading the facts, I find out that I didn't have the trial in this case. He received a sentence of 90 days on this offense, I'm assuming after some plea agreement because he had already been in custody for 280 days. Because when I originally read this, it sounded somewhat like self-defense. But obviously that's not the case. And so I don't know what actual basis, if any, they formed. But what he pled to was vehicular assault, not aggravated assault or anything of the sort. That's some pretty substantial evidence of plea, isn't it? Well, the information that I'm referring to is just information in the pre-sentence report. As far as I know, none of it was in any conviction document or anything of the sort. And my position is that what we are looking at here is what is the minimum, what is required for conviction for this offense, not exactly what he might have done. We don't go and retry these cases. As I said, when I read this. If I take a plea, I then enter a judgment of conviction, don't I? Correct. For the offense. And what is required for this conviction is a result-oriented, that your action was a proximate cause to someone else's injury, like in Garcia-Pantu from the Fifth Circuit, which is also a result-oriented case. To a reckless act, correct? Is the proximate cause, correct. Otherwise, it wouldn't be a crime, I guess. In this case, a reckless act while you were operating a motor vehicle which was aiming or going toward other individuals. I do not know what the transcript of the change of plea would have said. I don't know if they had a change of plea, Your Honor. Like I said, I think this is just a legal question as to whether or not the offense of conviction under the Colorado statute. Let me attack it from another point of view. The record that was put before the trial court at the time of sentencing, was there any evidence introduced that contradicted anything we've been talking about up to this point? Any evidence presented by the defendant at sentencing? No, Your Honor. The pre-sentence report. So he heard what the pre-trial report or knew what the pre-trial report said and what the coding was on the report of the incident and his counsel reviewed it with him and he went to judgment and the court imposed a sentence and it was based on just what we've been talking about, right? I assume so, Your Honor. I assume his attorney reviewed it with him. But again, like I said, I, you know... Well, there's nothing before us that says to the contrary and I just wanted to be sure that you didn't know about something that I didn't know about. I don't, Your Honor, and I mean, if we're looking at what the facts would have been, the exact facts, I mean, we try not to do that when we're looking at a statute for purposes of we don't want to reopen old cases and like I said, when I originally read this, it sounded like a very good case for self-defense since he was being chased. But after being in for 280 days, I assume he took a plea to 90 days to be released. But again, none of that's on the record. That's just from me reading it. You know, I guess he could have cut a deal with the prosecutors at 280 days' time served and for the lesser included offense of non-vehicular or something else, you know, or... And what he pled to... Excessive speed or something. Well, and Your Honor, he was looking at the original charges of aggravated assault and things where you do have to use physical force against someone for the element of conviction, whereas for the one that he pled to, there is no such element, simply that your actions be the cause of injury, the proximate cause, because he could have very well had an argument, and again, I don't know if this is the case, that in fact, as he was trying to drive away, they jumped in front of him trying to stop him. I don't exactly know how. You're basically saying that because it doesn't establish, this offense doesn't necessarily require that he intentionally drove into somebody, caused the assault, that it doesn't qualify as a crime of violence. That's correct, Your Honor. None of the subsections do. And I was planning to have some time for rebuttal. Do I have any? I'm overrun. We'll give you a minute for rebuttal. Thank you, Your Honor. May it please the Court. Good morning, Your Honors. My name is Eric Markovich. I'm an assistant United States attorney in Tucson. As Mr. Hort just pointed out, there were originally two issues raised, only one really at issue here, and that's whether the Hickler assault conviction requires the use of force and also requires a requisite men's array of recklessness. It seems from Mr. Huerta's argument that he's conceding that the judgment of conviction does establish the requisite men's array of recklessness. So I'm just going to turn to the use of force argument. For me, this case seemed extremely similar to Sir Ron Sanchez, which I cited in my brief. And in trying to respond to Mr. Huerta's argument, I'd be honest with you, I just wasn't getting it. I'm not sure how force wouldn't be involved in this case, because you have someone's under the Colorado statute in People v. Stewart, the Supreme Court of Colorado's case, the defendant must be driving a vehicle recklessly, and that reckless conduct must be the proximate cause of serious bodily injury. I'm not sure how you can write a statute that the F-5 means. Your Honor, I would submit that it does. And in the statute, it lays out that subsection A, which is the reckless driving, is a Class 5 felony. Subsection B, which is the strict liability, basically DUI, is a Class 4 felony. And really the same is true, was true in Sir Ron Sanchez, the case that this Court decided. In that case, the statute at issue is an Arizona statute, an attempted assault with a deadly or dangerous weapon, which also rose out of an automobile accident. And this Court considered the use of force in the context of when crime of violence was then defined in 18 United States Code Section 16A. And the Court held that reckless conduct must have caused actual physical injury to another person. That's the Court found that the Arizona statute required that. Therefore, the Court concluded the use of physical force is a required element of the Arizona statute. I see that as being the same as this case. And also, that's consistent with the Trinidad Aquino case, where this Court held that negligent conduct, that mens rea and that volitional aspect wasn't sufficient, wasn't a sufficient mens rea or use of force because negligence doesn't contain any type of volitional action, whereas recklessness obviously does. Also, briefly, Your Honors, in People v. Stewart, in that case, Colorado Supreme Court was basically comparing this vehicular assault statute with a, what was a second-degree assault with a deadly weapon. And the Court went to great lengths to note that vehicular assault requires cannot be an act of omission. It requires purposeful conduct on the part of the defendant and that that conduct, the driving, the reckless driving, be the proximate cause of serious bodily injury. And the Court noted the proximate cause means a cause which is the natural and probable sequence that produced the injury. I'd submit that that is the case here. I think that if you, when you look at the record, you'll see that the District Court referred to this as being a strict liability crime. I think, you know, I think the Court got the right resolve, kind of went, that was, I would say at most was, Victor, for this reason, this issue wasn't put before the District Court. The only issue argued to the District Court was that the issue that was decided by Pimentel-Flores, this issue that the defendant's conviction was not a crime of violence because it didn't have a requisite mens rea or it didn't have the requisite use of force, was that the District Court never had to consider that issue. And quite frankly, the government never presented the conviction document, which is in the record, is only the result of the fact that there was a trial in this matter and the defendant testified and that document was admitted for impeachment purposes. But I'd submit that that document establishes that this Colorado statute of vehicular assault has a requisite mens rea recklessness and also requires the use of force. Are there any other questions? Okay. Thank you. Thank you, Your Honor. Just briefly, proximate cause is a legal term and I think the Colorado statute has, excuse me, the Colorado courts have changed it a little bit because proximate cause does mean an act or omission which in its natural and continuous sequence without an intervening cause produces an injury. Based on the Colorado cases, I think they've taken out the omission section, but they have not included that the act, and I haven't seen any case in spouse that requires that the act, whatever it may be that is the proximate cause, actually be directed at the person for it to be considered a proximate cause of an injury. And briefly, we have not conceded the recklessness argument. As I said, the recklessness is connected to the driving. And in turn, in that keynote, the court said that there must be a volitional feature with regard to the impact or collision and not simply with regard to the use of physical force itself. It's hard for me to argue it because the statute doesn't require that there be an impact or collision between whoever is injured and the defendant in this case. It only requires that the defendant be the proximate cause of that injury. And I think that term proximate cause is used many times over, especially in the civil arena, and it's been brought over to make it easier to get convictions on people who cause injury even when they don't mean to because, again, it's result-oriented, like in Gracia Cantu, and that's what we're trying to – that's what the statute encompasses, and that is much broader than the definition of the guidelines. Okay. Thank you, Your Honors. Thank you for the clarification, and thank counsel for the argument. The case just argued is submitted.
judges: Beezer, Fisher, England